

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GRIJALVA-CAMBRONERO,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-3179-RSH-JAC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 2] |

On May 21, 2026, petitioner Hector Grijalva-Cambronero filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner contends that his immigration detention without a bond hearing pending removal proceedings has become unduly prolonged in violation of the due process clause. Petitioner requests his immediate release or alternatively a bond hearing where the government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk. *Id.* at 18. Petitioner has also filed a motion to appoint counsel. ECF No. 2.

On June 10, 2026, Respondents filed a return stating that they do not oppose the Court directing a bond hearing. ECF No. 5 at 3. Respondents assert that the bond hearing should be held pursuant to 8 U.S.C. § 1226(a), and that Petitioner should bear the burden

26-cv-3179-RSH-JAC

of persuasion at that bond hearing. *Id.* However, Petitioner does not argue that he is entitled to a bond hearing on the basis of 8 U.S.C. § 1226(a); instead, he contends that he is entitled to a bond hearing pursuant to the due process clause, warranting a hearing at which Respondents bear the burden. Respondents do not appear to address Petitioner's contention.

Accordingly, the Petition is **GRANTED** as follows. The government is directed to arrange a bond hearing for petitioner Hector Grijalva-Cambronero before an immigration court within ***fourteen (14) days*** of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. *See e.g.*, *Chehrazi v. Mullin*, No. 26-cv-2929-LEK-AHG, 2026 WL 1406963, at *1 (S.D. Cal. May 19, 2026) (placing burden on government by clear and convincing evidence where petitioner's mandatory detention was unduly prolonged). The Court declines to order Petitioner's immediate release or any other relief requested in the Petition.

In light of this disposition, Petitioner's motion for counsel [ECF No. 2] is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: June 17, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-3179-RSH-JAC